# EXHIBIT A

Katherine Vandaveer
vs.
Equifax Information Services, LLC et. al.

ELECTRONICALLY FILED
2017 Nov 10 AM 11:39
CLERK OF THE WYANDOTTE COUNTY DISTRICT COURT
CASE NUMBER: 2017-LM-005173

Division: 11

**SUMMONS**

To the above-named Defendant/Respondent:

> **Equifax Information Services LLC**
> **RA: CORPORATION SERVICE COMPANY**
> **2900 SW WANAMAKER DRIVE SUITE 204**
> **Topeka, KS 66614**

You are hereby notified that a lawsuit commenced against you will be on this court's docket at 09:00 AM, on 12/18/2017, to be held at the following location:

> Wyandotte County District Court
> Wyandotte County District Court
> 710 N. 7th St.
> Kansas City, KS 66101

If you do not appear before this court or file an answer at such time, judgment by default will be taken against you for the relief demanded in the petition.

If you intend to appear at such time and dispute the petition, you must file an answer with the clerk of this court within 14 days thereafter.

If you are not represented by an attorney, the answer shall be signed by you. The answer shall state the following:

(1) what the dispute is;
(2) any affirmative defenses you have to the claim; and
(3) your (or your attorney's) current address, phone number, fax phone number, and e-mail address.

You must also promptly send a copy of your answer to the plaintiff's attorney or the plaintiff, if the plaintiff has no attorney.



Clerk of the District Court
Electronically signed on 11/13/2017 01:23:12 PM

**Documents to be served with the Summons:**
PLE: Petition Petition

<u>Katherine Vandaveer</u>
vs.
<u>Equifax Information Services, LLC et. al.</u>

ELECTRONICALLY FILED
2017 Nov 10 AM 11:39
CLERK OF THE WYANDOTTE COUNTY DISTRICT COURT
CASE NUMBER: 2017-LM-005173

Division: 11

**SUMMONS**

To the above-named Defendant/Respondent:

**Equifax Information Services LLC**
**RA: CORPORATION SERVICE COMPANY**
**2900 SW WANAMAKER DRIVE SUITE 204**
**Topeka, KS 66614**

You are hereby notified that a lawsuit commenced against you will be on this court's docket at 09:00 AM, on 12/18/2017, to be held at the following location:

Wyandotte County District Court
Wyandotte County District Court
710 N. 7th St.
Kansas City, KS 66101

If you do not appear before this court or file an answer at such time, judgment by default will be taken against you for the relief demanded in the petition.

If you intend to appear at such time and dispute the petition, you must file an answer with the clerk of this court within 14 days thereafter.

If you are not represented by an attorney, the answer shall be signed by you. The answer shall state the following:

(1) what the dispute is;
(2) any affirmative defenses you have to the claim; and
(3) your (or your attorney's) current address, phone number, fax phone number, and e-mail address.

You must also promptly send a copy of your answer to the plaintiff's attorney or the plaintiff, if the plaintiff has no attorney.



Clerk of the District Court
Electronically signed on 11/13/2017 01:23:12 PM

**Documents to be served with the Summons:**
PLE: Petition Petition

ELECTRONICALLY FILED
2017 Nov 10 AM 11:39
CLERK OF THE WYANDOTTE COUNTY DISTRICT COURT
CASE NUMBER: 2017-LM-005173

**In the District Court of Wyandotte County, Kansas**
**Limited Actions Division**

| | |
|---|---|
| KATHERINE E VANDAVEER,<br><br>Plaintiff,<br><br>vs.<br><br>DISCOVER FINANCIAL SERVICES, LLC AND EQUIFAX INFORMATION SERVICES, LLC,<br><br>Defendants. | Case Number: 2017-LM-005173<br><br>Division: 11 |

## PETITION

COMES NOW Plaintiff, by and through counsel, and for Plaintiff's causes of action against Defendants states as follows:

1. This is an action for damages brought by an individual consumer against the Defendants for violations of the Fair Credit Reporting Act (hereafter FCRA) 15 U.S.C. §1681 et seq.

2. Jurisdiction of this Court arises under 15 U.S.C. §1681p and 28 U.S.C. §1331.

3. Venue lies properly in this district pursuant to 28 U.S.C. §1391(b).

4. Plaintiff is a resident of Kansas.

5. Defendant Discover Financial Services, LLC is a Delaware Limited Liability Company.

1

6. At all times relevant hereto, Defendant Discover Financial Services, LLC was and is engaged in the business of issuing consumer credit, all within Kansas.

7. Defendant Equifax Information Systems, LLC (Equifax) is a Delaware Limited Liability Company.

8. At all times relevant hereto, Defendant Equifax was and is engaged in the business of credit reporting, all within Kansas.

9. As of June 19, 2017, Defendant Discover Financial Services, LLC was reporting a charged off credit card with a balance of $6463 as a negative tradeline on Plaintiff's Equifax credit report.

10. The tradeline showed that it was opened on January 24, 2010.

11. Plaintiff did not open this account.

12. Plaintiff was not aware of this account prior to 2017.

13. On June 19, 2017, Plaintiff sent a dispute letter to Defendant Equifax, indicating that the Discover Financial Services card was not hers nor did she give permission to the card holder to add her as an authorized user.

14. Sharell Sanders, an Equifax representative, received Plaintiff's dispute on August 11, 2017.

15. On August 2, 2017, Plaintiff wrote Defendant Discover directly and indicated that Defendant Discover was reporting a negative tradeline, that she was not aware of this account, never used this account, nor authorized anyone to put her down as an authorized user.

16. The United States Postal Service tracking information indicated that the

2

letter to Defendant Discover was delivered August 14, 2017.

17. Plaintiff never received a letter from Defendant Equifax indicating that it had concluded its investigation.

18. Plaintiff accessed her credit report form Defendant Equifax on September 26, 2017 to not only find the wrongful account was still on her report, but that Defendant Discover had re-reported the negative tradeline as belonging to Plaintiff on August 22, 2017.

19. Both Defendants failed to properly reinvestigate Plaintiff's dispute.

20. Defendants have been reporting and reinserting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties (hereafter the "inaccurate information").

21. Plaintiff's creditors and potential creditors have accessed Plaintiff's reports while the misreporting was on the credit report and were misinformed by Defendants about Plaintiff's credit worthiness.

22. The inaccurate information negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, and Plaintiff's financial responsibility as a debtor and credit worthiness.

### Count I – Violations of the Fair Credit Reporting Act – Defendant Equifax

Comes now Plaintiff and for Count I against the Defendant Equifax states and alleges to the Court as follows:

23. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

24. At all times pertinent hereto, Equifax regularly engaged in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce to preparing or furnishing consumer reports.

25. At all times pertinent hereto, the Plaintiff Katherine E Vandaveer is a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

26. At all times pertinent hereto, the above-mentioned credit reports were written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for credit or insurance to be used primarily for personal, family, or household purposes; employment purposes; or any other purpose authorized under 15 U.S.C. 1681b.

27. Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Defendant Equifax is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on consumer reporting agencies of information pursuant to 15 U.S.C. §1681e(b) in assuring reasonable procedures to assure maximum possible accuracy to prevent such reporting of inaccurate information in Plaintiff's reports.

28. In addition, Plaintiff disputed the inaccuracy to Defendant Equifax and Defendant Equifax failed to correct the inaccuracies.

29. Under 15 U.S.C. §1681n and 15 U.S.C. §1681o, Defendant Equifax is

liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on consumer reporting agencies of information under 15 U.S.C. §1681i wherein the Defendant Equifax failed to use reasonable procedures to reinvestigate Plaintiff's disputes and, likewise, took inadequate action to correct Plaintiff's consumer reports or delete the false data or otherwise conduct an appropriate, lawful reinvestigation.

30. The conduct of Defendant Equifax was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Defendant Equifax is liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

WHEREFORE, Plaintiff seek judgment in Plaintiff's favor and damages against the Defendant Equifax based on the following requested relief:

    a. Actual damages;

    b. Statutory damages;

    c. Punitive damages

    d. Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§1681n and 1681o; and

    e. Such other and further relief as may be necessary, just and proper

## Count II – Violations of the FCRA – Defendant Discover Financial Services, LLC

Comes now Plaintiff and for Count II against Defendant Discover Financial Services, LLC and states and alleges to the Court:

31. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

32. Upon information and belief, the consumer reporting agencies reported to the Defendant Discover Financial Services, LLC, furnisher-subscriber (creditor and collector), that Plaintiff disputed the charge-off, delinquency and false credit reporting.

33. Despite receipt of the same dispute several times, the Defendant Discover Financial Services, LLC, furnisher-subscriber (creditor and collector), failed to respond with truthful information, failed to acknowledge the disputes and/or repeatedly reported the false, derogatory information to the consumer reporting agencies, all in violation of the Act.

34. According to the national consumer reporting agencies' reports, the Defendant, furnisher-subscriber, continued to falsely report about Plaintiff.

35. Defendant Discover Financial Services, LLC, furnisher-subscriber (creditor and collector), have likewise willfully or negligently, violated the Fair Credit Reporting Act, 15 U.S.C. §1681s-2(b), by failing to respond to reinvestigation requests and failing to supply accurate and truthful information.

36. Rather, Defendant Discover Financial Services, LLC, furnisher-subscriber (creditor and collector), continued to report false and inaccurate information and failed to

retract, delete and suppress false and inaccurate information they reported about the Plaintiff, as described more fully above.

37.   Defendant Discover Financial Services, LLC, furnisher-subscriber (creditor and collector), failed to investigate or reinvestigate regarding consumer credit data they reported and repeatedly re-reported about Plaintiff.

38.   Defendant Discover Financial Services, LLC, furnisher-subscriber (creditor and collector), failed to review all relevant and pertinent information provided to it by the consumer reporting agencies.

39.   Defendant Discover Financial Services, LLC, furnisher-subscriber (creditor and collector), knew or should have known that its reporting and activities would (and will) damage Plaintiff and her ability to enjoy life and utilize the credit rating and reputation property rights her secured by honoring her obligations to all of her creditors.

40.   Defendant Discover Financial Services, LLC, furnisher-subscriber (creditor and collector) failed to acknowledge and respond with truthful information in response to Plaintiff's disputes and to advise the consumer reporting agencies of receipt of such disputes and complaints regarding consumer credit data they had been reporting and re-reporting about Plaintiff.

41.   The conduct of Defendant Discover Financial Services, LLC was a direct and proximate cause, and a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff and Defendant is liable to the Plaintiff for the amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, and such further relief, as permitted by law.

WHEREFORE, Plaintiff seek judgment in Plaintiff's favor and damages against the Defendant Discover Financial Services, LLC for the following requested relief:

    a.    Actual damages;

    b.    Statutory damages;

    c.    Punitive damages;

    d.    Costs and reasonable attorney's fees under 15 U.S.C. §§1681n and 1681o; and

    e.    Such other and further relief as may be necessary, just and proper.

Respectfully submitted,
By: /s/ A.J. Stecklein
A.J. Stecklein #16330
Michael Rapp #25702
Stecklein & Rapp
748 Ann Avenue
Kansas City, KS 66101
Telephone: (913) 371-0727
Facsimile:
Email: aj@kcconsumerlawyer.com
        mr@kcconsumerlawyer.com
Attorneys for Plaintiff



Stecklein & [...]
748 A[...]venue
Kansas City, Kansas 66101

7014 1820 0001 6270 8375

CERTIFIED MAIL

Equifax Information Services LLC
RA: Corporation Service Company
2900 Wanamaker Drive, Suite 204
Topeka, Kansas 66614